# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., *et al.*, | ) | Case No. Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7   TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A & M PRECISION MEASURING SERVICES, INC. | ) | Adv. Pro. No. 10-55374(MFW) |
| | ) | |
| A.T. KEARNEY, INC. | ) | Adv. Pro. No. 10-55375 (MFW) |
| | ) | |
| AERO TECHNICAL COMPONENTS, INC. | ) | Adv. Pro. No. 10-55377 (MFW) |
| | ) | |
| MMA PARTNERS, LLC, D/B/A AGILAIRE | ) | Adv. Pro. No. 10-55379 (MFW) |
| | ) | |
| APPLEGATES LANDING I, LP | ) | Adv. Pro. No. 10-55383 (MFW) |
| | ) | |
| ASTRONICS ADVANCED ELECTRONIC SYSTEMS CORP. | ) | Adv. Pro. No. 10-55384 (MFW) |
| | ) | |
| BE AEROSPACE, INC. | ) | Adv. Pro. No. 10-55387 (MFW) |
| | ) | |
| BAX GLOBAL INC., D/B/A DB SCHENKER | ) | Adv. Pro. No. 10-55388 (MFW) |
| | ) | |
| BISCO INDUSTRIES, INC. | ) | Adv. Pro. No. 10-55389 (MFW) |
| | ) | |
| BODE AERO SERVICES, INC. | ) | Adv. Pro. No. 10-55390 (MFW) |
| | ) | |
| BRASS CONTRACTING, INC. | ) | Adv. Pro. No. 10-55392 (MFW) |
| | ) | |
| C&D ZODIAC, INC. | ) | Adv. Pro. No. 10-55393 (MFW) |
| | ) | |
| CASTLE & COOKE AVIATION SERVICES, INC. | ) | Adv. Pro. No. 10-55394 (MFW) |
| | ) | |

| | | |
|---|---|---|
| CG & D, LLC | ) | Adv. Pro. No. 10-55395 (MFW) |
| | ) | |
| COMMERCIAL DATA SYSTEMS, INC. | ) | Adv. Pro. No. 10-55396 (MFW) |
| | ) | |
| DENVERE YON | ) | Adv. Pro. No. 10-55402 (MFW) |
| | ) | |
| DUCOMMUN AEROSTRUCTURES, INC. | ) | Adv. Pro. No. 10-55406 (MFW) |
| | ) | |
| WESTERN SKY INDUSTRIES, LLC, D/B/A ELECTROMECH TECHNOLOGIES | ) ) ) | Adv. Pro. No. 10-55408 (MFW) |
| EMPIRE SCREEN PRINTING, INC. | ) | Adv. Pro. No. 10-55409 (MFW) |
| | ) | |
| ENCHANTMENT COFFEE, INC. | ) | Adv. Pro. No. 10-55410 (MFW) |
| | ) | |
| ESCO AEROSPACE MFG, INC. | ) | Adv. Pro. No. 10-55411 (MFW) |
| | ) | |
| FEDERAL EXPRESS CORPORATION | ) | Adv. Pro. No. 10-55412 (MFW) |
| | ) | |
| GERMAN MACHINED PRODUCTS, INC. | ) | Adv. Pro. No. 10-55414 (MFW) |
| | ) | |
| GLOBAL JET SERVICES, INC. | ) | Adv. Pro. No. 10-55415 (MFW) |
| | ) | |
| HAMPSON AEROSPACE, INC. | ) | Adv. Pro. No. 10-55416 (MFW) |
| | ) | |
| HANSHIN AIR CARGO USA INC. | ) | Adv. Pro. No. 10-55417 (MFW) |
| | ) | |
| HARCO LABORATORIES, INC. | ) | Adv. Pro. No. 10-55418 (MFW) |
| | ) | |
| HUB INTERNATIONAL OF CALIFORNIA, INC., SUCCESSOR IN INTEREST TO HUB INTERNATIONAL SOUTHWEST AGENCY LIMITED, INC. | ) ) ) ) ) | Adv. Pro. No. 10-55421 (MFW) |
| HUB TOOL AND SUPPLY, INC. | ) | Adv. Pro. No. 10-55425 (MFW) |
| | ) | |
| GE CAPITAL INFORMATION TECHNOLOGY SOLUTIONS, INC. DBA IKON FINANCIAL SERVICES | ) ) ) ) | Adv. Pro. No. 10-55428 (MFW) |
| IKON OFFICE SOLUTIONS, INC. | ) | Adv. Pro. No. 10-55431 (MFW) |
| | ) | |
| INNOVATIVE SOLUTIONS AND SUPPORT, INC. | ) ) ) | Adv. Pro. No. 10-55433 (MFW) |

| Party | | Adv. Pro. No. |
|---|---|---|
| INTERNETWORK EXPERTS, INC. | ) | Adv. Pro. No. 10-55441 (MFW) |
| | ) | |
| IRIDIUM SATELLITE LLC | ) | Adv. Pro. No. 10-55443 (MFW) |
| | ) | |
| ITECH US, INC. | ) | Adv. Pro. No. 10-55445 (MFW) |
| | ) | |
| JEPPESEN SANDERSON, INC. | ) | Adv. Pro. No. 10-55449 (MFW) |
| | ) | |
| JERAMES INDUSTRIES, INC, D/B/A JERAMES TOOL & MFG | ) | Adv. Pro. No. 10-55451 (MFW) |
| | ) | |
| JET MANUFACTURING, INC. | ) | Adv. Pro. No. 10-55452 (MFW) |
| | ) | |
| JOANG SHAEFFER-WILSCO | ) | Adv. Pro. No. 10-55453 (MFW) |
| | ) | |
| LARRY DEAN BEATHE | ) | Adv. Pro. No. 10-55458 (MFW) |
| | ) | |
| LEADER TECHNOLOGIES, INC. | ) | Adv. Pro. No. 10-55459 (MFW) |
| | ) | |
| LUMINESCENT SYSTEMS, INC. | ) | Adv. Pro. No. 10-55460 (MFW) |
| | ) | |
| MANUFACTURING TECHNOLOGIES, INC. | ) | Adv. Pro. No. 10-55461 (MFW) |
| | ) | |
| MEDIAWORKS ADVERTISING SPECIALTIES, INC. | ) | Adv. Pro. No. 10-55462 (MFW |
| | ) | |
| MEGGITT-OREGON, INC. | ) | Adv. Pro. No. 10-55463 (MFW) |
| | ) | |
| MEGGITT THERMAL SYSTEMS, INC. | ) | Adv. Pro. No. 10-55465 (MFW) |
| | ) | |
| MUNSCH HARDT KOPF & HARR, PC | ) | Adv. Pro. No. 10-55468 (MFW) |
| | ) | |
| THE NORDAM GROUP, INC. | ) | Adv. Pro. No. 10-55470 (MFW) |
| | ) | |
| PARKER ADVERTISING SERVICE, INC. | ) | Adv. Pro. No. 10-55472 (MFW) |
| | ) | |
| THE PEPSI BOTTLING GROUP, INC., D/B/A PEPSI BOTTLING GROUP LLC | ) | Adv. Pro. No. 10-55474 (MFW) |
| | ) | |
| PRECISION AEROSPACE CORP. | ) | Adv. Pro. No. 10-55475 (MFW) |
| | ) | |
| PRECISION AEROSTRUCTURES INC. | ) | Adv. Pro. No. 10-55476 (MFW) |
| | ) | |
| PRISMA GRAPHIC CORPORATION | ) | Adv. Pro. No. 10-55477 (MFW) |
| | ) | |

| | | |
|---|---|---|
| HENRY PRODUCTION, INC., D/B/A PUMPS AND SERVICE | ) ) ) | Adv. Pro. No. 10-55478 (MFW) |
| Q DATA USA, INC. | ) ) | Adv. Pro. No. 10-55479 (MFW) |
| QPM AEROSPACE, INC. | ) ) | Adv. Pro. No. 10-55480 (MFW) |
| RICHARD RYAN | ) ) | Adv. Pro. No. 10-55482 (MFW) |
| RIGHT HEMISPHERE, INC. | ) ) | Adv. Pro. No. 10-55483 (MFW) |
| RUSTY L. PICARD | ) ) | Adv. Pro. No. 10-55484 (MFW) |
| SALTAIRE OF CENTRAL FLORIDA, INC. | ) ) | Adv. Pro. No. 10-55485 (MFW) |
| SAMUEL S. RUSS | ) ) | Adv. Pro. No. 10-55486 (MFW) |
| SANDIA OFFICE SUPPLY, INC. | ) ) | Adv. Pro. No. 10-55487 (MFW) |
| SEAMECH INTERNATIONAL INC. | ) ) | Adv. Pro. No. 10-55488 (MFW) |
| STEICO INDUSTRIES, INC. | ) ) | Adv. Pro. No. 10-55495 (MFW) |
| MCNALLY INDUSTRIES, LLC, DBA SUN COUNTRY INDUSTRIES | ) ) ) | Adv. Pro. No. 10-55500 (MFW) |
| TATA AMERICA INTERNATIONAL CORPORATION | ) ) ) | Adv. Pro. No. 10-55501 (MFW) |
| TEXSTARS, INC. | ) ) | Adv. Pro. No. 10-55502 (MFW) |
| UNIFIRST CORPORATION | ) ) | Adv. Pro. No. 10-55505 (MFW) |
| VALERO MARKETING AND SUPPLY COMPANY | ) ) ) | Adv. Pro. No. 10-55508 (MFW) |
| VERIZON WIRELESS SERVICES, LLC | ) ) | Adv. Pro. No. 10-55510 (MFW) |
| WELCH EQUIPMENT COMPANY, INC. | ) ) | Adv. Pro. No. 10-55513 (MFW) |
| WILLIS OF NEW YORK, INC., DBA WILLIS GLOBAL AVIATION | ) ) ) | Adv. Pro. No. 10-55514 (MFW) |
| S-TEC CORPORATION, FORMERLY CHELTON FLIGHT SYSTEMS, INC. AND | ) ) | Adv. Pro. No. 10-55538 (MFW) |

| | | |
|---|---|---|
| CHELTON FLIGHT SYSTEMS, INC. | ) | |
| | ) | |
| ALPHATECH GENERAL, INC. F/K/A | ) | Adv. Pro. No. 10-55541 (MFW) |
| AMERON GLOBAL, INC., D/B/A MASS | ) | |
| SYSTEMS, AND AMETEK AMERON, LLC, | ) | |
| SUCCESSOR IN INTEREST TO MASS | ) | |
| SYSTEMS | ) | |
| | ) | |
| PRUDENTIAL REAL ESTATE AND | ) | Adv. Pro. No. 10-55543 (MFW) |
| RELOCATION SERVICES, INC., AND | ) | |
| PRUDENTIAL RELOCATION, INC. | ) | |
| | ) | |

## SCHEDULING ORDER

Jeoffrey L. Burtch, Esquire, the Chapter 7 Trustee (the "Trustee" and/or "Plaintiff") for the bankruptcy estates of AE Liquidation, Inc., *et al*.[1] having initiated the aforementioned adversary proceedings against the above-captioned adversary defendants; and to promote the efficient and expeditious disposition of these adversary proceedings, the following schedule shall apply to each of the above-captioned adversary proceedings;

**IT IS HEREBY ORDERED** that:

1. Any extension of time to file a responsive pleading is not effective unless approved by Order of the Court. Any motion for extension of time to file a responsive pleading or stipulated order for such an extension must be filed with the Court no later than ten (10) days before the Initial Scheduling Conference in the adversary proceeding.

2. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, is hereby waived.

3. The parties shall provide the initial disclosures under Fed.R.Civ.P. 26(a)(1) no later than fourteen (14) days after the date of the entry of this Scheduling Order. Any extension

---

[1] The Debtors are: AE Liquidation, Inc. (f/k/a Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a Eclipse IRB Sunport, LLC), a wholly owned subsidiary of Eclipse Aviation Corporation.

of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

4.  Written fact discovery (i.e. requests for the production of documents, interrogatories and requests for admission) shall be completed no later than one hundred fifty (150) days after the date of the entry of this Scheduling Order. While all fact depositions shall be completed no later than two hundred ten (210) after the date of the entry of this Scheduling Order.

5.  The parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding no later than two hundred ten (210) days after the date of the entry of this Scheduling Order,.

6.  Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

7.  Any expert report required pursuant to Fed.R.Civ.P 26(a)(2)(B) shall be served by the party which bears the burden of proof for that issue, not including any report by Plaintiff on insolvency of the Debtor, no later than two hundred forty (240) days after the entry of this Scheduling Order. If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided no later than two hundred forty (240) days after the date of the entry of this Scheduling Order. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided no later than two hundred sixty (260) days after the entry of this

Scheduling Order. Defendant shall provide any expert report intended to rebut any report on insolvency by Plaintiff no later than two hundred eighty (280) days after the entry of this Scheduling Order. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than three hundred (300) days after the entry of this Scheduling Order.

8. All dispositive motions shall be filed and served no later than fifteen (15) days after the close of all discovery and shall be subject to Rule 7007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9. The parties shall file, no later than three (3) business days prior to the earlier of: the date set for (i) pre-trial conference (if one is scheduled) or (ii) Trial, their Joint Pretrial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Walsh's chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred fifty (150) days after the entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise

Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be modified either by Stipulation of the Parties approved by the Court or by the Court for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: _____, 2011

                        THE HONORABLE MARY F. WALRATH
                        United States Bankruptcy Judge