**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., et al. | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 10-55543 (MFW) |
| | ) | |
| PRUDENTIAL REAL ESTATE AND | ) | |
| RELOCATION SERVICES, INC., | ) | |
| AND PRUDENTIAL RELOCATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>OPINION</u>**[1]

Before the Court is a matter remanded from the District
Court on the appeal of our decision dated July 17, 2013, granting
judgment in favor of Jeoffrey L. Burtch, the chapter 7 trustee
(the "Trustee") of AE Liquidation, Inc., EIRB Liquidation, Inc.,
and Eclipse Aviation Corporation (collectively, the "Debtors"),
on his Complaint to avoid and recover preferential transfers
against Prudential Real Estate and Relocation Services, Inc., and
Prudential Relocation, Inc. (collectively, "Prudential").  The
District Court directed the Court on remand to reconsider: (i)
the amount of Prudential's new value defense; and (ii) whether

_____

    [1]  This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Rule 7052 of the
Federal Rules of Bankruptcy Procedure.

the Trustee is entitled to prejudgment interest.  For the reasons discussed below, the Court finds that Prudential's new value defense equals $56,571.37 and that the Trustee is entitled to $5,186.97 in prejudgment interest.

I.    BACKGROUND

On November 25, 2008, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[2]  On March 5, 2009, the case was converted to chapter 7 and the Trustee was appointed.  (D.I. 535 & 536.)

On November 23, 2010, the Trustee filed a Complaint against Prudential asserting that certain pre-petition transfers totaling $781,702.61 were preferential and avoidable under section 547(b) of the Bankruptcy Code.  (Adv. D.I. 1.)  A trial on the Complaint was held in March 2013.  On July 17, 2013, the Court entered an Order granting judgment in the Trustee's favor in the amount of $653,323.20.  (Adv. D.I. 50.)  Specifically, the Court found (i) $781,702.61 of pre-petition transfers to Prudential were preferential; (ii) Prudential had a new value defense totaling $128,379.40; and (iii) the Trustee was not entitled to prejudgment interest.

---

[2]  For a fuller recitation of the facts underlying the instant dispute, see the Court's Opinion and the District Court's Opinion.  (Adv. D.I. 49 & 71.)

2

Following cross appeals by the Trustee and Prudential, on September 10, 2015, the District Court affirmed in part and remanded in part the Court's July 17, 2013 Order.  The District Court held that only services provided prior to the petition date are included in the new value defense and, therefore, directed the Court to reconsider the value of that defense.  (Adv. D.I. 71 at 14.)  The District Court also directed the Court to explain explicitly why prejudgment interest was denied, or, in the alternative, to grant prejudgment interest.  (Id. at 15-16.)

The parties agreed that no additional evidence was required on either point and the matter could be decided after additional briefing.  (Adv. D.I. 78, 79, 80, 82, & 83.)  A notice of completion of briefing was filed on January 22, 2016.  (Adv. D.I. 84.)  The matter is now ripe for decision.


II.  JURISDICTION

The Court has subject matter jurisdiction over this core adversary proceeding.  28 U.S.C. §§ 157(b)(1), (b)(2)(A) & 1334(b).


III. DISCUSSION

A.  New Value

The Trustee argues that of the $128,379.40 in new value found by this Court, $71,808.83 of the invoices relate to post-

petition services and are, therefore, not eligible for new value credit. The Trustee argues that the testimony of Prudential's Director of Accounting establishes that the services underlying the invoices were rendered post-petition. In support of this contention, the Trustee cites to one of Prudential's trial exhibits, which the Trustee asserts plainly demonstrates that invoices totaling $71,808.03 related to services rendered after the petition date and should not be taken into account in computing Prudential's new value defense. (Def. Ex. A-2.)

Prudential responds that the post-petition invoices were prepared solely to support its proof of claim and do not reflect the actual date the underlying services were performed.

Contrary to Prudential's assertion, its Director of Accounting testified that the date the services underlying the invoices were rendered occurred one week prior to the invoice date. (4/11/13 Tr. at 101-02.) She also testified unambiguously that the dates included in Defendants' Exhibit A-2 correspond with the actual invoice dates:

> Q:    So if we look here on your chart, we have the invoice, that's tracking the invoices that we started to look at, right?
> A:    That is correct.
> Q:    The invoice date that comes off the invoice?
> A:    That is correct.
> Q:    The invoice amount comes from where?
> A:    From the invoice.
> Q:    Okay. And then you have a column called actual new value confirmed by service date.
> A:    Right. And that's when I looked at each invoice, and determined what was and [sic] new expense incurred."

4

(<u>Id.</u> at 105.)  Prudential's Director of Accounting further
testified that she verified the information included in each
invoice: "I did verify in the system.  There were some that I
looked at, to where when I went back and wanted to do further
verification, I could not find the documentation, I did not put
those in the new value if I was not a hundred percent sure."
(<u>Id.</u> at 106.)

Prudential argues nonetheless that the Trustee waived the
right to argue that new value should be reduced by services
provided post-petition because the argument was not raised until
post-trial briefing.  Moreover, Prudential argues that it would
be prejudiced if that theory is accepted because it did not have
an opportunity to refute the argument.

The District Court has already rejected this argument:
"Prudential argues that the Trustee waived this argument by
failing to raise it in the Bankruptcy Court.  The Court
disagrees.  In its post-trial briefing, the Trustee plainly
argues that post-petition transfers cannot qualify as new value
under § 574(c)(4)."  (Adv. D.I. 71, n.8.)

Therefore, the Court concludes that Prudential's new value
defense should be reduced to $56,571.37 ($128,379.40 less
$71,808.03) to reflect only services provided pre-petition.  The
Trustee therefore is entitled to judgment in the amount of
$781,702.61 less the new value of $56,571.37, for a total of

$725,131.24.

B.   Prejudgment Interest

The Trustee argues that the estate has been deprived of the funds underlying the preferential transfers to the detriment of its creditors.  Thus, the Trustee contends that he should be able to recover prejudgment interest beginning on the date of the last preferential transfer through the date of the Court's July 17, 2013 Order.

Prudential replies that the Court reasonably exercised its discretion in denying prejudgment interest and that the District Court's Remand Order simply requests this Court to provide its reasoning for doing so.  Prudential further argues that the Court narrowly ruled against it on the ordinary course of business defense and that it received a favorable ruling on its new value defense.  Therefore, bona fide reasons existed for the subject transfers not to be adjudicated as avoidable preferences.

The Court agrees with the Trustee.  The District Court found the reasoning in Hechinger Investment directly applicable. Hechinger Investment v. Universal Forest Products (In re Hechinger), 489 F.3d 568, 580-81 (3d Cir. 2007).  Although the award of prejudgment interest is within the Court's discretion, the Third Circuit stated that the court's discretion "must be exercised according to law, which means that prejudgment interest

6

should be awarded unless there is a sound reason not to do so."
Id. at 580.

Prejudgment interest is routinely granted in avoidance actions. Peltz v. Worldnet Corp. (In re USN Commc'ns., Inc.), 280 B.R. 573, 602 (Bankr. D. Del. 2002) ("[M]ost courts find that awarding prejudgment interest in an avoidance action furthers the congressional policies of the Bankruptcy Code by compensating the estate for the time it was without use of the transferred funds.") (citing Strauss v. Milwaukee Cheese Wis. (In re Milwaukee Cheese Wis.), 112 F.3d 845, 849 (7th Cir. 1997)); Sigmon v. Royal Cake Co., Inc. (In re Cybermech, Inc.), 13 F.3d 818, 822 (4th Cir. 1994). Consequently, the Court concludes that the Trustee is entitled to prejudgment interest.

Most federal courts apply the post-judgment interest rate set forth in section 1961 of title 28 when awarding prejudgment interest. Burtch v. Opus, LLC (In re Opus E, LLC), 528 B.R. 30, 108 (Bankr. D. Del. 2015) ("[T]he Court concludes . . . that the appropriate rate for prejudgment interest is the federal judgment interest rate."); USN Commc'ns, 280 B.R. at 603 (citing Brantley v. Weeks (In re Brantley), 116 B.R. 443, 448 (Bankr. D. Md. 1990) (same)).

The Trustee seeks prejudgment interest beginning on the date of the last preferential transfer through the date of the Court's July 12, 2013 Order, totaling $37,826.02. The Court disagrees

with the amount of prejudgment interest sought by the Trustee.
Under similar facts, the Court in USN Communications granted
prejudgment interest from the date the action was commenced, not
the date of the last avoidable transfer.  USN Commc'ns, 280 B.R.
at 603.  The Court reasoned that "because [the plaintiff] waited
until the eve of the expiration of the statute of limitations . .
. to commence this adversary proceeding," prejudgment interest
should be calculated from the date the complaint was filed.  Id.
The Court finds the reasoning in USN Communications persuasive.
In this case, the Trustee also filed the preference action
shortly before the statute of limitations ran.[3]  For this reason,
the Court concludes that the Trustee is entitled to prejudgment
interest from the commencement of the adversary proceeding.

     The post-petition judgment interest rate for the calendar
week preceding the filing date of the Complaint was 0.27%.[4]  See
28 U.S.C. § 2516(b) ("Interest on a judgment . . . is paid at a
rate equal to the weekly average 1-year constant maturity
Treasury yield . . . for the calendar week preceding the date of

---

     [3]  The section 546(a) limitation period expired November 25,
2010, two years after the petition date because it was more than
one year after the Trustee's appointment (on March 5, 2009).  11
U.S.C. § 546(a).  The preference action was commenced on November
23, 2010.

     [4]   This information is available on the Board of Governors
of the Federal Reserve System's website.  Selected Interest Rates
(2016), http://www.federalreserve.gov/releases/h15/data.htm.

judgment."). This results in a per diem rate of interest of $5.36 based on a judgment in the amount of $725,131.24. The Trustee commenced the instant adversary proceeding 967 days before the Court entered its July 12, 2013 Order. Therefore, the Court grants the Trustee $5,186.97 in prejudgment interest.


V.   CONCLUSION

For the reasons stated above, the Court will (i) reduce Prudential's new value defense to $56,571.37 and enter judgment in favor of the Trustee for $725,131.24, and (ii) award the Trustee $5,186.97 in prejudgment interest.

An appropriate Order follows.


Dated: March 29, 2016               BY THE COURT:

                                    Mary F. Walrath
                                    United States Bankruptcy Judge